**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1236
_____

MICHAEL REYNOLDS

v.

MUNICIPALITY OF NORRISTOWN, a/k/a Borough of Norristown;
RUSSELL J. BONO; OFFICER CHARLES DOUGLASS, Badge #191;
CORPORAL JOSEPH BENSON, Badge #178; OFFICER BRIAN GRAHAM, Badge
#226; OFFICER LINDSEY TORNETTA; SERGEANT TIMS, Badge #109;
SERGEANT LANGDON, Badge #161

Officer Charles Douglass, Corporal Joseph Benson,
Officer Lindsey Tornetta, Sergeant Tims,
Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-00016)
District Judge: Honorable Nitza I. Quinones Alejandro
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2017
_____

Before: SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judges*.

(Filed: November 16, 2017)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Officer Douglass, Corporal Benson, Officer Tornetta, and Sergeant Tims appeal the District Court's decision not to grant them qualified immunity in Michael Reynolds' § 1983 suit against the Borough of Norristown and a number of its law enforcement officers. For the reasons that follow, we will vacate and remand for a more robust qualified immunity analysis by the District Court.

**I**

As we write for the benefit of the parties, we set out only the facts necessary for the discussion that follows. On January 14, 2013, Norristown Police Corporal Joseph Benson ("Benson") and Officer Charles Douglass ("Douglass") discovered Michael Reynolds ("Reynolds") inside a parked, running vehicle with damage to its front and passenger side. Reynolds appeared disoriented, exhibited slurred speech, and had difficulty standing up, but did not smell like alcohol or exhibit signs of drug use, and denied that he had engaged in either. The officers searched Reynolds' car and person and found no evidence of alcohol or drug consumption.

The officers summoned paramedics and opined that Reynolds was under the influence of drugs and that his condition was likely not accident-related. Both the paramedics and Benson agreed, however, that Reynolds' symptoms could be diabetes-related[1] and asked Reynolds if they could test his blood sugar levels. Reynolds refused,

---

[1] Reynolds has not produced any medical or other evidence showing he was ever diagnosed with diabetes.

and was subsequently arrested and transported by Douglass to the Norristown Police Department headquarters. Benson remained on the scene, where he was told by Reynolds' sister that Reynolds suffered from diabetes and hypertension and that he should be taken to the hospital. Benson refused.

Douglass arrived at Norristown Police Department headquarters at approximately 1:00 AM and carried an incapacitated Reynolds into the station. Douglass listed Reynolds as intoxicated on an intake form and notified Sergeant Tims—who determined whether detainees required medical assistance—of Reynolds' condition. Tims agreed that Reynolds was simply intoxicated and the officers dragged Reynolds onto a holding cell cot. Shortly thereafter, Reynolds rolled off of the cot and onto the floor, where he remained until 8:00 AM. Appellee alleged that during the night, officers including Officer Lindsey Tornetta walked past Reynolds' cell and left him on the floor without assistance. Around 8:00 AM, officers returned to Reynolds' cell, where they found him unresponsive and summoned an ambulance. Reynolds was transported to Mercy Suburban Hospital where he was diagnosed with a cerebral hemorrhage and transferred to Thomas Jefferson University Hospital for treatment.

Reynolds filed an action in the United States District Court for the Eastern District of Pennsylvania on January 5, 2015, alleging, *inter alia*, violations of his civil rights under 42 U.S.C. § 1983 for (1) false arrest and imprisonment; and (2) failure to provide adequate medical treatment. The Complaint named Officer Douglass, Corporal Benson, Sergeant Tims, and Officer Tornetta as defendants, among others. Appellants moved for summary judgment, arguing that they were entitled to sovereign immunity because the

3

arresting officers reasonably believed they had probable cause to arrest Reynolds, and because Reynolds refused medical treatment at the scene of the accident. The District Court rejected Appellants' arguments, explaining its decision not to extend qualified immunity in a two-sentence footnote. Accordingly, Appellants' motion for summary judgment on the basis of qualified immunity was denied.

Appellants timely appealed the District Court's denial of summary judgment on the basis of qualified immunity for both the false arrest claims and the inadequate medical treatment claims.

## II[2]

Police officers are entitled to qualified immunity unless the alleged facts, viewed in the light most favorable to the plaintiff, show that (1) each officer's conduct violated one of plaintiff's constitutional rights; and (2) the right at issue was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. This inquiry "must be undertaken in light of the specific context of the case," *id.* at 201, and must consider the "state of the law when the [conduct] occurred[,]" *Fields v. City of Phila.*, 862 F.3d 353, 361 (3d Cir. 2017).

---

[2] The District Court had jurisdiction in this case under 28 U.S.C. §§ 1331 and 1343(a)(3). Our review of a district court's denial of summary judgment on the basis of lack of qualified immunity is plenary. *Dougherty v. School Dist. of Phila.*, 772 F.3d 979, 986 (3d Cir. 2014). That review includes "whether the set of facts identified by the district court is sufficient to establish a violation of a clearly established constitutional right." *Ziccardi v. City of Phila.*, 288 F.3d 57, 61 (3d Cir. 2002).

4

In assessing a police officer's qualified immunity claim, the district court must include "at a minimum, an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues." *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 149 (3d Cir. 2002). A district court may not deny a summary judgment motion based on qualified immunity without "specify[ing] those material facts that are and are not subject to genuine dispute and explain[ing] their materiality." *Id*. at 146. Additionally, where multiple defendants seek qualified immunity against suit based on the same underlying factual circumstances, the district court must "analyze separately the conduct of each City Defendant." *Grant v. City of Pittsburgh*, 98 F.3d 116, 123 (3d Cir. 1996).

In this case, Appellants asserted qualified immunity on Appellee's false arrest claim and inadequate medical care claim. In declining to extend qualified immunity, however, the District Court did not specify the relevant material facts or analyze those facts in the context of each legal claim made by the Appellants. Nor did the District Court conduct separate analyses for each individual seeking qualified immunity, although each defendant interacted with Reynolds in different ways and at different times throughout Reynolds' detainment. As a result, the District Court's opinion does not reflect the robust analysis directed by our holding in *Forbes*. We appreciate the burden that *Forbes* and *Grant* impose on district courts when a plaintiff files multiple claims against multiple defendants from the same underlying facts, but nevertheless, that analysis must be undertaken.

5

## III

We will therefore vacate the District Court's denial of summary judgment on the basis of qualified immunity, and remand for the District Court to specify which material facts, if any, preclude qualified immunity as to (1) the false arrest claims against Corporal Benson and Officer Douglass, and (2) the inadequate medical treatment claims against Corporal Benson, Officer Douglass, Sergeant Tims, and Officer Tornetta, under the relevant standards for each claim.